UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PROSHIPLINE, INC., EP-TEAM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASPEN INFRASTRUCTURES, LTD., f/k/a SUZLON INFRASTRUCTURE, LTD., <br><br> Defendants. <br><br> MASTERS AND PURSERS OF THE M/S MARGARETHA GREEN, *et al.* <br><br> Garnishees. | Case No. C07-5660FDB <br><br> ORDER SETTING BRIEFING SCHEDULE and HEARING |

    Defendant Aspen Infrastructures moves for a hearing to determine the propriety of the Bond that Defendant has filed with the Court in this matter as security for assets garnished in this matter under Supplemental Admiralty Rule B. Defendant Aspen asserts that Plaintiffs have made an unreasonable objection to a portion of the language of the Bond, which language is required by the surety.

    Plaintiffs object to the form of the bond filed by Aspen asserting that it provides insufficient security for Plaintiffs' claims. Specifically, the Bond [Dkt. # 17] recites that Aspen and the Surety

ORDER - 1

will be bound while the garnishment is in effect as to any asserted claims in arbitration in the sum of $532,539.00, [Dkt. # 17 ll. 9 – 16.] In the next paragraph, however, Plaintiffs object to the following language conditioning any obligation created by the bond on satisfaction of the award by the Principal (Defendant Aspen):

> The condition of this obligation is that if either Plaintiff shall obtain <u>a final and enforceable monetary arbitration award</u> as to the subject matter of the above-captioned Complaint, then the Principal shall satisfy such award, after any and all appeals resulting therefrom ... . If the Principal fails to satisfy any such final award, then the Surety will satisfy such award, and then this obligation would become null and void. However, this obligation shall cease if the above-referenced garnishment is set aside or withdrawn.

(Bond Agreement, p. 2, ll 17 – 23, p. 3, ll 1– 2. ) The above underscored language from the Bond Agreement is troublesome to Plaintiffs because Defendant Aspen has revealed in Singapore that it reserves the right to challenge jurisdiction as to Plaintiffs' claims in arbitration. (Decl. of Plaintiffs' Counsel Steven Gibbons Regarding Insufficiency of Bond, ¶ 6) Plaintiffs' counsel asserts that ordinarily maritime release bonds do not condition the obligation of the surety on failure by the Principal to satisfy an award or judgment; rather, they provide that both the surety and the principal, as makers of the bond, remain bound to satisfy any award or judgment of a court of competent jurisdiction. Plaintiffs argue that the security must bind both the Principal (Aspen) and the Surety should, for example, the Principal be placed in receivership or seek protection from bankruptcy laws, and to eliminate arguments over whether the Principal has satisfied the judgment or has had an opportunity to satisfy the judgment. Moreover, Plaintiffs argue that an appropriate bond must provide security as respects either an arbitration award or a judgment by a court of competent jurisdiction in order to avoid the possible frustration of this Court's present jurisdiction, obtained by the Rule B process, both over the *res* and over Defendant Aspen to the extent of the value of the garnished property. Plaintiffs then submit a form of bond [Ex. C to Gibbons' Decl.] that is agreeable to it and which it argues is consistent with the form of bonds typically approved in connection with the release of maritime property.

ORDER - 2

NOW, THEREFORE, IT IS ORDERED: The parties shall brief (1) the issue of whether an appropriate bond should provide security with respect to either an arbitration award or a judgment by a court of competent jurisdiction; (2) the issue of whether the bond should be conditioned on the failure of the Principal to satisfy an award or judgment, or whether the bond should provide simply that both the surety and the principal, as makers of the bond, remain bound to satisfy any award or judgment of a court of competent jurisdiction; and (3) any other issue, fact, or law that is important to a full understanding of the circumstances and practice in this area that will allow the Court to be fully informed in order to resolve this issue as to sufficient bond.

On Monday, December 10, 2007, the Parties briefs addressing the above issues are due no later than 9:00 a.m., and a hearing is scheduled for 2:00 p.m. the same day.

DATED this 6th day of December, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3