UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PROSHIPLINE, INC., EP-TEAM, INC.,

Plaintiffs,

v.

ASPEN INFRASTRUCTURES, LTD., f/k/a SUZLON INFRASTRUCTURE, LTD.,

Defendants.

MASTERS AND PURSERS OF THE M/S MARGARETHA GREEN, *et al.*

Garnishees.

Case No. C07-5660FDB

ORDER GRANTING PROSHIPLINE'S MOTION FOR CHANGE OF ARRANGEMENTS OR SALE OF FUELS GARNISHED ON M/S BELUGA FUSION

This matter is before the Court on Plaintiff Proshipline's Motion for Change of Arrangements or Sale of Fuels Garnished on M/S BELUGA FUSION. The matter is fully briefed and ready for decision.

**BACKGROUND**

In brief, on December 27, 2007, a hearing was held before Judge James L. Robart on Defendant Aspen's "Emergency Motion for Order to Show Cause as To Rule B Garnishment," and the Court granted the motion and ordered that approximately 151.1 tons of bunker oil and all the diesel fuel aboard the BELUGA FUSION be removed by Plaintiffs by noon on December 30, 2007. Ship Owner Gaspich and Aspen's attorney Marc Warner accepted service of the Writ by U.S. Marshal. On December 31, 2007, Judge Robart signed a stipulated Order allowing the BELUGA FUSION's departure from this district with the remaining garnished fuel on board upon the filing of a bond in the amount of $51,455.24.

ORDER - 1

**DISCUSSION**

Plaintiffs ProShipLine and EP-Team, Inc. ( ProShipLine ) now move to sell the fuel that was removed from the BELUGA FUSION and stored in shore-side tanks and to deposit the proceeds into the Registry of the Court to abide a judgment or an arbitration award. ProShipLine was unable to obtain a stipulation for the sale.  At a storage cost of $580 per day for the first ten days, then $1,160 per day thereafter, plus approximately $15,000 to heat and transfer the fuel to the buyer, ProShipLine moves to sell the fuel in order that the costs of storing it do not become disproportionate to its value.

Defendant Aspen responds asserting that the garnishments were improper in the first place, that ProShipLine is not entitled to an expeditious ruling on its motion for sale of the fuel, that it must be remembered that the taking of the fuel has deprived Aspen of its assets, that the sale price obtained by ProShipLine is too low, that the U.S. Marshal or some other entity not a party in interest should sell the fuel, and an non-interested expert should report to the court on fuel storage methods and costs and fuel sale prices.  Aspen asks that the Court defer ruling on ProShipLine's motion until it has reviewed Aspen's forthcoming motion for a hearing on the garnishments.

The Court having considered the parties submissions, including the declarations submitted with the parties' memoranda, and having reviewed the record herein, now grants ProShipLine's motion for the following reasons.

Rule E of the Supplemental Admiralty Rules addresses the procedures for attachment and garnishment when it appears a defendant cannot be found within the District (as was the case herein). Then, as to tangible property (such as the subject fuel herein), either the U.S. Marshal takes it into safe custody, or, if the taking actual possession is impracticable, the Marshal affixes a copy of the process to the property in a conspicuous place.  Property may be released upon giving security.  Rule E also addresses sales of attached or arrested property on the application of the Marshal or a party. The Court may order such a sale, with the sales proceeds to be paid into the Court's Registry to

ORDER - 2

1  await further orders of the Court under certain conditions, among them "the expense of keeping the
2  property is excessive or disproportionate." Rule E(9)(a)(i)(B).  Rule E also provides, that another
3  person of interest such as a defendant may move and the Court may order that the property, rather
4  than being sold, be delivered to the movant upon giving security under these rules.  Sales shall be
5  made by the U.S. Marshal or other person having the warrant or by any other person assigned by the
6  court where the marshal or other person or organization having the warrant is a party in interest,
7  with the proceeds, as before, being paid into the Court's Registry.

8       The machinations that have followed the "tender" of the fuel to ProShipLine, illustrate how
9  problematic and wasteful of court resources such procedure can be.  The request for sale is
10 reasonable and makes economic sense.  Accordingly, pursuant to Rule E, the Court appoints Eric W.
11 Peterson, a Coast Guard licensed Chief Engineer to sell the garnished fuel that is presently in storage
12 tanks at the Port of Longview, Washington, with the proceeds of the sale to be deposited forthwith
13 into the Registry of the Court.  Alternatively, Aspen may suggest someone to conduct the sale, or it
14 may request that the fuel be delivered to it upon posting proper security.

15      NOW, THEREFORE, IT IS ORDERED: Plaintiff ProShipLine's Motion for Change of
16 Arrangements or Sale of Fuels Garnished on M/S Beluga Fusion [Dkt. # 62] is GRANTED, and the
17 Court will appoint Eric W. Peterson to conduct the sale and to deposit the proceeds from the sale
18 forthwith into the Registry of the Court.

19      Alternatively, Defendant Aspen shall advise the court no later than Noon, Thursday, January
20 31, 2008  if Defendant Aspen has a suggestion for someone else to conduct the sale or if Aspen
21 decides to have the fuel delivered to it upon posting proper security.

22 DATED this 30th day of January, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26 ORDER - 3