UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PROSHIPLINE, INC., EP-TEAM, INC.,<br><br>   Plaintiffs,<br><br>   v.<br><br>ASPEN INFRASTRUCTURES, LTD, f/k/a<br>SUZLON INFRASTRUCTURE, LTD.,<br><br>   Defendant. | Case No. C07-5660FDB<br><br>ORDER DENYING MOTION FOR<br>ORDER APPROVING<br>SUPERSEDEAS BOND |

On March 28, 2008, this Court entered an order vacating Rule B attachments/garnishments and exonerating security. On April 7, 2008, Plaintiffs ProShipLine EP-Team, Inc. (hereafter PSL) moved for reconsideration and/or for stay pending review, which was denied. PSL was ordered to pay the remaining $28,092.06 owing to Aspen as directed in the Court's Order entered March 28, 2008.

PSL now moves for an order approving supersedeas bond pursuant to Fed. R. Civ. P. 62(d)("Stay of Proceedings to Enforce a Judgment"(d) "Stay with Bond on Appeal). PSL states that the bond is properly conditioned on PSL's appeal being dismissed or the order appealed from being upheld, or PSL paying the amount of the order, plus taxable costs and interest. PSL states that "the

ORDER - 1

1  amount of the proposed bond has been grossed up by 10% to cover the taxable costs on appeal and
2  interest accruing since the date of the order, plus a margin for unforeseen events and/or changes in
3  the interest rate, etc.

4  Aspen opposes the motion for several reasons:

5  (1) Following entry of the Order concluding that the attachments were improper are ordering
6  Aspen's property released, the property was released with the exception of that part of the Court's
7  order to pay $28,092.06, to account for the balance of the actual value of the bunkers that PSL
8  seized.  Aspen asserts that this amount is 4.1% of the monetary value that the court granted to
9  Aspen, and it makes no sense to stay execution on the last item after the other 95.9% of relief has
10 been executed.

11 (2) Because the Second Circuit denied a similar request for a stay of execution on PSL's
12 appeal of the federal district court's ruling in New York that vacated PSL's attachment there, the law
13 of issue preclusion bars plaintiffs from obtaining a stay.

14 (3) Because the standard for granting a stay pending appeal is the same as that for issuance of
15 a preliminary injunction – a matter that PSL did not even address – and because PSL cannot meet the
16 standard, a stay must be denied.

17 (4) Because the form and size of the bond is inadequate.

18 PSL argues that under Fed. R. Civ. P. 62(d) a stay of execution as to payment of a money
19 judgment is available as a mater of right upon approval of a supersedeas bond, and none of the
20 exceptions under the statute apply (orders involving an injunction or a receivership, or an accounting
21 in an action for patent infringement), and that a stay is automatic upon approval of the supersedeas
22 bond.  PSL argues that reference to the Admiralty Rules is inapt in that Aspen has argued that
23 admiralty jurisdiction does not apply in this case.  As to the New York, case, PSL argues that the
24 issue in that case was the propriety of the multimillion dollar attachment, whereas here the issue is
25 whether execution of a $28,092.06 money judgment can be stayed.

26 ORDER - 2

1   Having considered the authority and arguments submitted by the parties, the Court is not

2  convinced that PSL's posting a supersedeas bond for a stay of execution of the $28,092.06 pending

3  appeal is appropriate under all the circumstances.  ACCORDINGLY,

4   IT IS ORDERED: ProShipLine's Motion for approval of a supersedeas Bond pursuant to

5  Fed. R. Civ. P. 62(d) [Dkt. # 109 & 110] is DENIED.

6   DATED this 21st day of July, 2008.

  FRANKLIN D. BURGESS
  UNITED STATES DISTRICT JUDGE

ORDER - 3