UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PROSHIPLINE, INC. and EP-TEAM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASPEN INFRASTRUCTURES, LTD, f/k/a Suzlon Infrastructure, Ltd., et al., <br><br> Defendants. | CASE NO. C07-5660BHS <br><br> ORDER REINSTATING WRIT OF ATTACHMENT ON BEHALF OF EP-TEAM INDIVIDUALLY AND REVERSING ORDER TO REIMBURSE ASPEN FOR VALUE OF GARNISHED PROPERTY |

This matter comes before the Court on the parties' responses to the Court's show cause order (Dkts. 123, 124) regarding the mandate issued in this case by the Ninth Circuit on February 3, 2010. The Court has considered the pleadings filed and the remainder of the file and hereby enters an order following the mandate for the reasons discussed herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On May 6, 2010, this matter was reassigned to the undersigned. Dkt. 119. For a full factual and procedural background, please see the Ninth Circuit's order and opinion

ORDER - 1

in this matter. *ProShipline Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960 (9th Cir. 2010). In its order, the Ninth Circuit summarized the nature and substance of the appeal before it as follows:

> Plaintiffs-appellants ProShipLine, Inc. and EP-Team, Inc. appeal from two district court decisions in favor of defendant/appellee Aspen Infrastructures Ltd. Both decisions involve a writ of maritime attachment that ProShipLine and EP-Team obtained against Aspen pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims to the Federal Rules of Civil Procedure ("Rule B"). The district court held in the first decision that it could not compel Aspen to post security in lieu of garnishment. This decision forced ProShipLine and EP-Team to either waive their right to garnish Aspen's property pursuant to a previously obtained Rule B writ or to garnish the property despite alleged impracticability. The district court, in the second decision, equitably vacated ProShipLine's and EP-Team's Rule B writ and exonerated security posted for that writ. The district court further ordered ProShipLine and EP-Team to reimburse Aspen for the value of the property they seized in accord with that writ.

*Id.* at 963. The Ninth Circuit held that "[t]he district court abused its discretion by vacating the writ as it pertains to EP-Team. The writ *shall* be reinstated on behalf of the EP-Team individually. Because the writ was improperly vacated as to the EP-Team, the order to reimburse Aspen for the value of the garnished property is also improper." *Id*. at 971-972 (emphasis added).

On July 22, 2010, following the issuance of the Ninth Circuit's mandate (Dkt. 121), the Court ordered the parties to show cause as to why the mandate should not be followed and whether any other issues remain unresolved. Dkt. 122.

## II. DISCUSSION

**A.     USCA Mandate**

To begin with, the Court concludes that it is bound by the mandate. Therefore, the Court orders that the writ be reinstated and that the order to improperly reimburse Aspen for the value of garnished property is vacated. To accomplish this, Aspen is ordered to replace the sum that was in the Court's registry prior to this Court's previous ruling; doing so will place the parties in the position they were in *ex ante* with respect to the writ

ORDER - 2

and the reimbursement. In short, had the Court not ordered the writ vacated and the reimbursement paid, this money would have remained in the Court's registry until the matter was resolved.

**B.   Aspen's Response**

Aspen urges the Court to reject the mandate on the basis that the Ninth Circuit did not have an opportunity to consider extra-judicial proceedings (i.e., arbitration in Singapore) that took place in between the time that this Court entered its previous ruling and the time that the Ninth Circuit issued its opinion reversing the same.

The Court declines to issue an order inconsistent with the mandate. Aspen has not provided adequate authority on which this Court could rely in straying from the explicit directive of the mandate. *See* 609 F.3d 971-972 (ordering that "the writ *shall* be reinstated") (emphasis added).

**C.   EP-Team's Response**

To the extent EP-Team's response to the Court's show cause order included requests for relief not granted herein, the Court concludes that a case schedule should be set first (i.e., a joint status report will be required of the parties). Once a case schedule is set, the parties will be permitted to timely brief the Court as to the open issues in this matter.

## III. ORDER

Therefore, it is hereby **ORDERED** that

(1)   The Writ is reinstated;

(2)   The improper reimbursement is reversed;

(3)   Aspen must replace the funds that were in the Court's registry prior to the Court's erroneous rulings; and

1  (4)  The Parties are ordered to file a joint status report, no later than October 1,
2       2010, as to how and on what schedule this matter should proceed.
3  DATED this 20th day of September, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4