1

2

3

4

5

6
UNITED STATES DISTRICT COURT
7
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
8

9
PROSHIPLINE, INC. and EP-TEAM,
INC.,

10
                                              CASE NO. C07-5660BHS
              Plaintiffs,

11

        v.

12
                                              ORDER DENYING PLAINTIFF'S
ASPEN INFRASTRUCTURES, LTD.,                  MOTION FOR
13
f/k/a Suzlon Infrastructure, Ltd., et al.,   RECONSIDERATION

14
              Defendants.

15

16      This matter comes before the Court on Plaintiff EPT-Team's ("EPT") motion for

17 reconsideration (Dkt. 148). The Court has considered the pleadings filed in support of and

18 in opposition to the motion and the remainder of the file and hereby denies EPT's motion

19 for the reasons discussed herein.

20                                 **I. DISCUSSION**

21      This admiralty case arises out of a dispute between the parties over an alleged

22 breach of contract. For a more complete factual background see the Court's prior order

23 vacating the writ of attachment on behalf of EPT individually and vacating the Court's

24 prior order that reinstated the writ (Dkt. 147). EPT now moves for reconsideration of that

25 order and for reinstatement of the writ. Dkt. 148 (arguing that the Court erred by applying

26 American contract law instead of English contract law). The Court ordered and the parties

27 provided additional briefing on the motion for reconsideration. *See* Dkts. 151, 153, 157.

28

ORDER - 1

In short, the parties dispute the extent to which EPT assigned its rights to PSL. The Court concluded that the assignment of rights operated to prevent EPT from now maintaining an action for a Rule B writ of attachment. *See* Dkt. 147. EPT, however, argues that its assignment, according to the interim decision of the arbitration panel, operates to permit EPT to maintain this action for a writ of attachment. *See* Dkts. 148, 153.[1]

In opposition, Aspen argues that, under English law, the initial assignment of rights by EPT to PSL prevents EPT from coming back now and maintaining this action. Aspen cites several statements from the arbitration panel's interim decision that support this conclusion. *See* Dkt. 152 at 3 (Declaration of Simon Kverndal QC) (quoting sections of the Singapore arbitration panel's interim order)

In its order (Dkt. 147), the Court also relied on those statements in determining that EPT's assignment of rights (but not obligations) prevents it from now maintaining a Rule B writ of attachment action in this Court. Dkt. 147 at 6 (citing Signapore arbitration panel's decision and EPT's own complaint acknowledging the assignment). The Court has reviewed the English law as submitted by the parties' respective experts and concludes that the arbitration panel determined that EPT assigned its rights to PSL and that such assignment, consistent with English law, operates to prevent EPT from now maintaining a Rule B writ of attachment action in this Court under American law. Thus, the outcome in the Court's prior order (Dkt. 147) is consistent with English law.

---

[1]This argument appears to be different from that advanced in the prior motion to reinstate the writ. *See* Dkt. 147 at 6. Previously EPT argued that while its initial assignment may have operated to foreclose maintaining the writ against Aspen, PSL has since reassigned the rights back to EPT. *Id*. A new argument is not generally permissible on reconsideration. However, to the extent this current argument merely advances a nuance on the prior argument, the argument remains logically curious. If EPT has, as it suggests, always had the right to maintain the Rule B writ of attachment action because it never assigned its rights in a way that would prevent it from maintaining such an action, then there would be no reason to have PSL reassign the rights: EPT would already have had such rights under its own logic. The argument remains unavailing.

1    Based on the parties' briefing and supporting declarations on reconsideration, the

2    Court concludes that EPT has not carried its burden on reconsideration and therefore, its

3    motion (Dkt. 148) is denied without prejudice. However, should EPT be able to obtain an

4    affidavit or declaration from the Singapore arbitration panel regarding its interim decision

5    that supports EPT's position regarding the operative effect of its initial assignment of

6    rights to PSL, the Court would consider a renewed motion for reconsideration.[2]

### II. ORDER

    It is hereby **ORDERED** that EPT's motion for reconsideration (Dkt. 33) is

**DENIED without prejudice** for the reasons discussed herein.

    DATED this 8th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

---

[2]In its surreply (Dkt. 157) to EPT's reply to the motion for reconsideration, Aspen moves
to strike EPT's request for permitting inquiry to the arbitration panel to resolve the instant
dispute. Because the order herein provides EPT an opportunity to obtain a statement from the
arbitration panel regarding the operative value of its initial assignment of rights to PSL, the
Court denies Aspen's the motion to strike.

ORDER - 3